United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No.06-60316
Summary Calendar

RAFAEL SANCHEZ,

Petitioner,

versus

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A78 884 694

Before GARWOOD, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rafael Sanchez, a native and citizen of Mexico, petitions for review of an order from the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision to remove Sanchez on the basis of his illegal entry and his 1993 felony drug conviction. Sanchez argues that the IJ's denial of his motion for

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a continuance to seek a pardon from the state of Wyoming for his conviction constituted an abuse of discretion. He maintains that he has shown good cause warranting a continuance and that the denial of a continuance resulted in a denial of a full and fair hearing. In light of Sanchez's inability to specify the duration of the continuance, he cannot establish good cause. *See Ahmed v. Gonzales*, 447 F.3d 433, 438-39 (5th Cir. 2006) (pending labor certification); *Witter v. INS*, 113 F.3d 549, 555-56 (5th Cir. 1997) (pending state criminal charges). Accordingly, the denial of Sanchez's motion for a continuance was supported by the record and was not an abuse of discretion. *See Witter*, 113 F.3d at 555-56.

We also note that the record contains nothing to indicate that Sanchez has, even as of the present time, in fact ever actually filed a pardon application, apart from his counsel's oral assertion at the February 24, 2005 hearing before the ALJ, that "[a]t this time, he is in the process of filing for a pardon with the state of Wyoming and we request a continuance in order to process that pardon." Nor does anything in the record suggest any asserted basis on which a pardon was or would be sought other than counsel's assertion at the February 2005 hearing that his "support [of] his [US citizen] five children, spouse" and, inferentially, the hardship his deportation would impose on them, was or would be the basis; nor is there anything to suggest that there was any likelihood whatever such a pardon would be granted; nor does the

record contain any explanation of why no pardon had actually been applied for sooner, notwithstanding that as of the time of the February 2005 hearing approximately twelve years had elapsed since the conviction and more than six months had elapsed since Sanchez was served with the notice to appear herein; and, there is absolutely nothing in the record before us, or in the briefs, to suggest when any such pardon application might be acted on, although it is now almost two years since the ALJ's decision.[**]

Sanchez's petition for review is

DENIED.

---

[**]We assume (*arguendo* only) that such a pardon would remove the conviction as a bar to Sanchez's pending application to adjust status. We likewise assume (*arguendo* only) that Sanchez adequately preserved before the BIA his claim in this court that denial of the continuance resulted in denial of a full and fair hearing.

3